# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| TALI WASHBURN,<br><br>  Plaintiff,<br><br>vs.<br><br>C6-ZERO, LLC, et al.,<br><br>  Defendants. | No. C24-67-LTS-KEM<br><br>**ORDER** |

## I. INTRODUCTION

This matter is before me on a motion (Doc. 25) to dismiss by defendants Christopher Koehn and Second-61, LLC, as well as a motion (Doc. 53) to dismiss by defendants Tim Dore and Dore Law Group, LLC. Plaintiff Tali Washburn has filed resistances (Docs. 29, 56) to each and Koehn and Second-61 have filed a reply (Doc. 51). Oral argument is not necessary. *See* Local Rule 7(c).

## II. BACKGROUND

On July 12, 2024, Washburn, who was proceeding pro se at that time, filed her complaint (Doc. 1) naming Koehn, Second-61, Dore and Dore Law Group, among others, as defendants. On September 2, 2024, she filed an amended complaint (Doc. 5) through counsel. She served a Notice of Lawsuit and Request to Waive Service of Summons on all defendants on September 3, 2024. The Notice provided thirty (30) days for defendants to respond. Neither Koehn, Second-61, Dore nor Dore Law Group waived service. On October 17, 2024, Washburn filed a motion (Doc. 19) for extension of time to file a proposed Rule 16(b) and 26(f) scheduling order and discovery plan, which was granted. *See* Doc. 20. A process server began undertaking personal service on October 21, 2024. Via the process server, Washington served Second-61 on October 23, 2024

and Koehn on October 24, 2024.[1] She served Dore and Dore Law Group on October 22, 2024.

### III. APPLICABLE STANDARDS

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Under Rule 4(m), a district court must engage in a two-step analysis of motions to dismiss a complaint premised upon untimely service of process." *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 612 (8th Cir. 2003). "First, it must inquire whether the plaintiff has demonstrated good cause for his failure to serve within the prescribed 120-day period."[2] *Id.* "Second, if good cause is not shown, the district court still retains the discretion to grant an extension of the time for service." *Id.* (citing *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)). "To warrant such a permissive extension, a plaintiff must demonstrate excusable neglect." *Id.* (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)).

### IV. ANALYSIS

Washburn argues there is good cause to warrant a mandatory extension of time to serve defendants because she acted diligently in pursuing her case, there are understandable mitigating circumstances affecting her ability to prosecute her case and

---

[1] Koehn argues it was October 25, 2024, but the proof of service (Doc. 30) indicates he was served on October 24, 2024.

[2] Rule 4(m) was amended in 2015 to reduce the time for serving a defendant from 120 days to 90 days.

she was proceeding pro se for approximately half of the time period during which she needed to serve defendants – from July 12, 2024 through September 2, 2024. Even if there is not good cause to warrant a mandatory extension, Washburn argues there was excusable neglect to warrant the short extension of time when defendants were served no more than two weeks past the October 10, 2024, deadline for service.

### A.     *Has Washburn Demonstrated Good Cause?*

Washburn explains that after filing her complaint, she began experiencing debilitating high blood pressure requiring four trips to the emergency room. Nonetheless, she diligently worked to find counsel to represent her[3] and counsel filed his appearance on September 2, 2024, along with an amended complaint. To reduce costs and avoid unnecessary expense and time associated with serving multiple defendants, Washburn served a Notice of Lawsuit and Request to Waive Service of Summons on all defendants on September 3, 2024. The Notice provided a deadline to respond by October 3, 2024.

From October 4, 2024, through October 14, 2024, Washburn's counsel was out of the office. On October 7, he had a trial in Rapid City, South Dakota, and then travelled to Fort Wayne, Indiana, for Army Reserve duty before returning for a hearing in Sioux Falls, South Dakota, the morning of October 15, 2024. Once counsel returned to the office, he arranged to have the named defendants personally and formally served via process servers and also filed a motion to extend the time for filing a proposed Rule 16(b) and 26(f) scheduling order and discovery plan.

Good cause may be found when:

> (1) the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, (2) the defendant has evaded service of the process or engaged in misleading conduct, (3) the plaintiff has acted diligently in trying to effect service or there are

---

[3] Koehn and Second-61 point out that Washburn had counsel as early as December 2021, *see* Doc. 29-2 at 3 ¶ 12, and that current counsel represented her (or was at least in communication with her) as early as April 2022. *See* Doc. 29-2 at 13.

understandable mitigating circumstances, or (4) the plaintiff is proceeding pro se or in forma pauperis.

*Kurka v. Iowa County, Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002)).

While Washburn was proceeding pro se at the time she filed her complaint on July 12, 2024, she then found counsel to represent her, who filed his appearance on September 2, 2024. Thus, any health issues Washburn experienced during this time do not provide good cause as those issues should not have impeded her counsel from timely serving defendants. While counsel served a Notice of Lawsuit and Request to Waive Service of Summons on defendants on September 3, 2024 (providing a response date of October 3, 2024), defendants chose not to waive service. Although counsel was out of the office from October 4 through 14, 2024, I do not find that to be a mitigating circumstance amounting to good cause as counsel does not suggest that time away was unexpected. Counsel should have been aware of the 90-day deadline to effect service prior to his time away from the office and made arrangements to have defendants served by October 10, 2024, in the event they did not waive service. Washburn has not shown good cause requiring a mandatory extension of the time to serve defendants.

### B.     *Has Washburn Demonstrated Excusable Neglect?*

Even if there is not good cause, I may still grant an extension for service if there was excusable neglect. Excusable neglect is "an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka*, 628 F.3d at 959. The Eighth Circuit has recognized that the following factors are important in analyzing whether neglect is excusable: "(1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the

party's reasonable control, and (4) whether the party acted in good faith." *Kurka*, 628 F.3d at 959.

Washburn argues the relevant factors weigh strongly in favor of a finding of excusable neglect to warrant the short extension of time to consider Koehn and Second-61, and Dore and Dore Law Group, timely served. First, she argues the defendants would not be prejudiced by an extension because each set of defendants was aware of Washburn's claims as far back as December 2021 and hired outside legal counsel to attempt to resolve her claims. Second, she argues the defendants were aware of her complaint since at least July 11, 2024, when she provided it via email and again on September 3, 2024, when the Amended Complaint was mailed with a Notice of Lawsuit and Request to Waive Service of Summons.

Third, Washburn notes the proposed scheduling order and discovery plan is now due January 17, 2025. Fourth, to the extent Koehn argues he wants to resolve this matter expeditiously, Washburn notes he could have achieved that by waiving service. Fifth, Washburn achieved service within 12 to 14 days after the October 10 deadline as to these defendants. Sixth, she argues there is nothing in the record to suggest she was acting in bad faith.[4] Indeed, she undertook steps to comply with the court's rules from the time she filed her complaint to when counsel filed his appearance, such as timely filing her pro se citizenship disclosure statement. Seventh, she notes the statute of limitations has run on her Iowa wage claim and dismissal of the suit without prejudice would effectively amount to a dismissal with prejudice as to that claim. Finally, Washburn argues the judicial preference for resolving cases on the merits further supports granting an extension. *See Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010).

---

[4] To the extent Koehn has alleged Washburn pitched a negative story to a reporter, Washburn notes this statement is conclusory and not supported by any evidence other than a story that was written and published on the Internet. Washburn's declaration directly refutes such allegations.

I find Washburn has shown excusable neglect to grant the short 12, 13 and 14-day extensions of time to recognize service that has already been achieved as to Koehn, Second-61, Dore and Dore Law Group. There is little prejudice to defendants by allowing the short extension and indeed, the court has extended the service deadline as to other defendants to January 24, 2025. *See* Doc. 59. While Washburn's counsel should have made alternative plans to serve defendants during his time away from the office, it appears he worked diligently and in good faith to serve them upon his return and to extend other applicable deadlines. Given that service was accomplished shortly after the 90-day deadline and the lack of prejudice to defendants, I do not find dismissal under Rule 4(m) to be appropriate.

## V. CONCLUSION

For the reasons stated herein, Koehn and Second-61's motion (Doc. 25) to dismiss, along with Dore and Dore Law Group's motion (Doc. 53) to dismiss, are both **denied**.

**IT IS SO ORDERED** this 10th day of January, 2025.

_____
Leonard T. Strand
United States District Judge