# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

TALI WASHBURN,

    Plaintiff,

vs.

C6-ZERO, LLC, et al.,

    Defendants.

No. C24-67-LTS-KEM

**MEMORANDUM OPINION AND ORDER**

## I.    INTRODUCTION

This case is before me on plaintiff Tali Washburn's motion (Doc. 80) for default judgment against defendants Joe Lavigne and Brand Technologies Corporation (Brand Technologies). No party has filed a resistance and the time for doing so has expired.

## II.    PROCEDURAL HISTORY

On July 12, 2024, Washburn, who was proceeding pro se at the time, filed a complaint (Doc. 1) against multiple defendants including Lavigne and Brand Technologies. On September 2, 2024, she filed an amended complaint (Doc. 5) through counsel.[1] She alleges claims of wage violations under Iowa Code Chapter 91A, breach of contract, fraudulent misrepresentation, civil conspiracy, punitive damages, contract

---

[1] In the amended complaint (Doc. 5), Washburn alleges that she is a citizen of Iowa, Lavigne is a citizen of Colorado and Brand Technologies is "a corporation formed under the laws of the state of Colorado" and that its "director is a citizen of Alaska" with no director and/or officer being a resident of Iowa. Doc. 5 at 6. On February 11, 2025, Chief United States Magistrate Judge Kelly K.E. Mahoney filed an order (Doc. 91) directing Washburn to file a notice that properly alleged the citizenship of Brand Technologies and other defendants. Washburn submitted a notice (Doc. 103) indicating that Brand Technologies is incorporated in the state of Colorado and its principal place of business is also in Colorado.

reformation (fraud), alter ego liability and joint and several liability against defendants. The amended complaint was served on Brand Technologies by a process server on November 7, 2024. Doc. 36. It was served on Lavigne by a process server on November 10, 2024. Doc. 37.

On January 20, 2025, Washburn moved for the entry of default against Lavigne and Brand Technologies, *see* Doc. 77, and the Clerk of Court entered default the next day. Doc. 79. On January 22, 2025, Washburn filed her motion (Doc. 80) for default judgment against Lavigne and Brand Technologies.

### III. DISCUSSION

Default judgments are not favored by the law as there is a "judicial preference for adjudication on the merits." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (quotation omitted). Federal Rule of Civil Procedure 55 authorizes this court to issue judgment against these parties based on the entry of default and provided that the unchallenged facts constitute legitimate causes of action. *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). However, the Eighth Circuit has instructed "[i]n cases where there are similarly situated co-defendants, inconsistent judgments will result if one defendant prevails on the merits and the other suffers a default judgment." *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). "To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party." *Id.* Therefore, the "better approach to remedy this problem is for the courts to defer judgment against the defaulting party until the merits have been resolved." *Geico Gen. Ins. Co. v. Henry*, No. 2:06-cv-31, 2006 WL 3544381, at *2 (D.N.D. Nov. 21, 2006) (citing *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992)). *See also* 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Fed. Practice and Procedure*, § 2690 (4th ed.) ("As a general rule then, when one of several defendants who is alleged to be jointly liable defaults, judgment should not be
2

entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.").

Here, Washburn has alleged joint and several liability against all defendants, including the defaulting defendants, Lavigne and Brand Technologies. Other defendants have appeared and are defending in this action. In order to avoid inconsistent judgments, I decline to enter judgment by default against Lavigne and Brand Technologies at this time. *See, e.g.*, *Exquisite Form Ind., Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403, 416 (S.D.N.Y. 1974) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants."); *General Steel Domestic Sales, LLC v. Chumley*, 306 F.R.D. 666, 668-69 (D. Colo. 2014) (concluding entry of default judgment against some defendants should not occur until and unless the claims against the remaining defendants were resolved on the merits). Washburn may renew her request for default judgment against Lavigne and Brand Technologies once her claims against the other defendants have been resolved.

## IV.    CONCLUSION

For the reasons stated herein, Washburn's motion (Doc. 80) for default judgment is **denied** without prejudice.

**IT IS SO ORDERED** this 21st day of March, 2025.

_____
Leonard T. Strand
United States District Judge