# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

TALI WASHBURN,

        Plaintiff,

vs.

C6-ZERO, LLC, et al.,

        Defendants.

No.  24-CV-67-LTS-KEM

**ORDER**

_____

This court issued a scheduling order in July 2025, setting deadlines for initial disclosures in September 2025, to add parties or amend pleadings in October 2025, for Plaintiff to disclose any expert witnesses for December 2025, and to complete discovery by May 2026.  Doc. 165.  Due to some Defendants' failure to produce initial disclosures, the court later extended the initial-disclosure deadline by about a month, as well as the deadline to add parties and amend pleadings.  Doc. 183.  The expert deadline came and went with no disclosures made or requests to extend.

Plaintiff filed a third amended complaint in December 2025, within the deadline to amend pleadings and add parties, adding Marvin Odum as a Defendant.  Docs. 192-94.  Plaintiff served Odum in March 2026.  Doc. 227.  In April 2026, the court granted the parties' joint motion to continue the discovery deadline by about six months to allow Odum to engage in discovery, and to extend the dispositive-motion and trial-ready deadlines.  Docs. 231, 233.

Now, in late June 2026, Plaintiff has filed what she has titled a "proposed scheduling order and discovery plan."  Doc. 241.  Plaintiff proposes deadlines to amend pleadings, add parties, and disclose experts for later in 2026, despite these deadlines having already expired.  Plaintiff also proposes a discovery deadline and trial-ready date

four months after the dates previously extended by the court. Docs. 233, 241. The only rationale given by Plaintiff for these proposed deadlines is that "Defendant Odum's and Lavigne's initial disclosures were provided to Plaintiff after the expert witness disclosure deadline had already passed." Doc. 241. Defendants' resist, noting Plaintiff's "proposed plan" is really a motion to extend deadlines that fails to establish good cause. Doc. 242.

I agree with Defendants. The court does not automatically reset deadlines or start a case over from the beginning simply because a new party has been added. The court has already entered a scheduling order in this case, and Plaintiff must demonstrate "good cause" to modify it under Federal Rule of Civil Procedure 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the deadline"[1] "Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading."[2] A court may also consider prejudice to the nonmoving party caused by modification of the scheduling order, but this factor will generally not be considered if the moving party has not been diligent in meeting the scheduling-order deadlines.[3]

Here, Plaintiff has not given the court any reason to extend deadlines. Plaintiff has not pointed to new information in Odum's initial disclosures that necessitate an expert where one was not needed before, nor shown that Plaintiff acted diligently to extend deadlines upon receiving that information. In short, Plaintiff makes no effort to establish good cause and appears to believe an extension should be automatic simply because there is a new party. This is not how it works.

---

[1] *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) (quoting *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019)).

[2] *Id.* at 1100.

[3] *Kmak v. Am. Century Companies, Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017).

The court **DENIES** Plaintiff's request to extend deadlines contained in Plaintiff's "proposed scheduling order." Doc. 241.

**SO ORDERED** on July 10, 2026.

Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa