IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| TALI WASHBURN,<br><br>Plaintiff,<br><br>v.<br><br>C6-ZERO, LLC, et al.<br><br>Defendants. | Case No. 24-CV-67-LTS-KEM<br><br>**DEFENDANT MARVIN ODUM'S BRIEF IN SUPPORT OF HIS MOTION FOR RULE 37 SANCTIONS** |

## TABLE OF CONTENTS


**I. Introduction.** ....................................................................... 2

**II. Factual and Procedural Background.** ............................................. 2

- **A. The Parties jointly moved to extend discovery deadlines to permit Odum to take discovery.** ............ 2
- **B. The Court denied Washburn's subsequent attempt to extend discovery deadlines.** ............ 3
- **C. Odum noticed Washburn's deposition for the date and location of her choosing.** ............ 3
- **D. Several days prior to her deposition, Washburn's counsel asked if Odum's counsel would modify the deposition to permit Plaintiff to attend virtually rather than in person, because she was in California for a "project."** ............ 5
- **E. Discovery Closes Without Plaintiff's Deposition** ............ 7

**III. Argument.** ............................................................................ 8

- **A. Washburn's failure to appear for her properly-noticed deposition should be subject to sanctions.** ............ 9
- **B. Odum has been prejudiced by Washburn's failure to appear for her deposition.** ............ 11
- **C. Dismissal of Washburn's claims against Odum is appropriate as a sanction.** ............ 13
- **D. Odum is entitled to payment of his reasonable expenses associated with Washburn's deposition and the preparation of this motion.** ............ 16

**IV. Conclusion.** ........................................................................... 17

## I. Introduction.

Despite the storied history of this litigation, Odum brings this motion to rectify a very simple wrong: in the face of a properly-noticed deposition, Plaintiff Tali Washburn failed to appear. Federal Rule of Civil Procedure 37(d) governs the consequences of a party's failure to attend its own deposition. The consequences of such a failure are clear—sanctions must issue. For the reasons stated in Odum's motion, and more fully articulated below, the claims against Odum should be dismissed or, in the alternative, Washburn must be prevented from advancing testimony in support of her claims against Odum. Odum is also entitled to his reasonable costs and fees associated with Washburn's deposition, and the preparation of this motion.

## II. Factual and Procedural Background.

This matter has been pending since July 12, 2024, when Plaintiff filed her lawsuit. *See* Complaint and Demand for Jury Trial (docket no. 1). Over the next year and a half, Washburn amended her Complaint twice. *See* First Amended Complaint and Demand for Jury Trial (docket no. 5); Second Amended Complaint and Demand for Jury Trial (docket no. 147). It was not until December 4, 2025, when Washburn amended the Complaint for a third time, that she named Odum as a Defendant in this litigation. *See* Third Amended Complaint and Demand for Jury Trial (docket no. 194). On March 5, 2026, Washburn served Odum, and Odum learned for the first time about Washburn's claims against him. *See* Proof of Service (docket no. 227).

### A. The Parties jointly moved to extend discovery deadlines to permit Odum to take discovery.

Based on the scheduling order in place at the time Odum learned of the lawsuit, discovery was set to close just one day after the date on which Odum's answer or responsive pleading was due. *See* Joint Motion to Continue the Remaining Deadlines in the Scheduling Order and Discovery Plan and Trial Management Order ("Motion to Continue Deadlines") (docket no. 231)

¶ 2. Odum, not having been aware of the lawsuit prior to his service, had been unable to participate in discovery prior to that time. For this reason, and expressly to permit Odum to engage in discovery, "including, but not limited to, serving discovery requests and taking any depositions," the parties sought a brief extension of relevant deadlines, including the completion of discovery, by six months. *See id.* ¶¶ 3-4. The Court granted the parties' joint motion on April 30, 2026. *See* April 30, 2026 Order (docket no. 233). As a result, the discovery deadline in this case for all parties was extended by six months to November 2, 2026. *See id.*

**B. The Court denied Washburn's subsequent attempt to extend discovery deadlines.**

However, less than two months later, Washburn attempted to further delay the completion of discovery in this case, despite it having been pending for nearly two years. On June 25, 2026, Washburn filed what was styled as a "Proposed Scheduling Order and Discovery Plan" (docket no. 241). Had this been entered, it would have had the effect of extending the discovery deadline, yet again, to April 5, 2027. *See* Plaintiff's Proposed Scheduling Order and Discovery Plan at 4. Defendants resisted on the grounds that Washburn was essentially requesting that the existing scheduling order be modified without establishing good cause. *See* Defendants' Joint Resistance to Plaintiff's Proposed Scheduling Order and Discovery Plan (docket no. 242) at 3-5. The Court agreed, and in an Order (docket no. 243) issued on July 10, 2026, denied Washburn's request. As such, the discovery deadline remained November 2, 2026.

**C. Odum noticed Washburn's deposition for the date and location of her choosing.**

On September 8, 2026, well in advance of the discovery deadline, Odum's counsel emailed Washburn's counsel advising that she would like to take Washburn's deposition. *See* Declaration of Frances Haas ("Haas Dec.") ¶ 3, Ex. A. Counsel for Odum proposed some dates to hold the deposition, and specifically indicated that the deposition would be held "in-person . . . in Sioux

City," Iowa. *See id.* ¶ 5, Ex. A. In response, on that same date, Washburn's counsel advised that he would inquire about those dates, but proposed an alternate location—Council Bluffs, Iowa—stating that that is where Washburn "lives" and, presumably, was a more convenient location for her to appear. *Id.* ¶ 6, Ex. A. Odum's counsel agreed to Washburn's proposed location. *Id.* ¶ 8. Odum's counsel then followed up with Washburn's counsel on September 14, 2026 and two days later on September 16, 2026, asking for dates of availability for Washburn's deposition. *Id.* ¶¶ 9-10.

Finally, on September 17, 2026, Washburn's counsel advised that October 29, 2026 "will work for Ms. Washburn." *Id.* ¶ 11. Counsel for Odum advised that the notice would issue. *Id.* On September 21, 2026, Odum served the Notice of Deposition for Washburn. *See* Haas Dec. ¶¶ 12-14, Ex. B. Washburn's deposition notice specifically advised that the deposition was to take place at the Courtyard by Marriott hotel at 2501 Bass Pro Drive in Council Bluffs, Iowa. *See id.* The Notice of Deposition included a Zoom link for the use of other counsel (and potentially their clients) to facilitate a virtual appearance if they did not appear in-person. *See id.* The Notice of Deposition was duly served on all counsel of record. *See id.* At that time, Washburn's counsel did not object to the Notice of Deposition, did not move for a protective order, and did not seek to reschedule her deposition at the time it was issued. Haas Dec. ¶ 15.

Following that, Odum's counsel set about making preparations for Washburn's deposition. This included both Odum's attorneys preparing for Washburn's deposition, but also involved extraneous costs. *See* Haas Dec. ¶¶ 16-19, Ex. C. Odum's counsel organized a court reporter to report on the deposition, planned travel from her offices in Cedar Rapids, Iowa to Council Bluffs, scheduled hotels, and organized the conference room in which the deposition would be held. *Id.*

**D. Several days prior to her deposition, Washburn's counsel asked if Odum's counsel would modify the deposition to permit Plaintiff to attend virtually rather than in person, because she was in California for a "project."**

On October 27, 2026, two days before Washburn's scheduled deposition, at approximately 4:57 p.m., counsel for Washburn sent an email to other counsel of record. *See* Haas Dec. ¶ 24, Ex. E. In that email correspondence, Washburn's counsel wrote:

> Ms. Washburn has informed me that she is still in California working on a project and has not returned to Iowa yet. She is requesting that her Thursday deposition be conducted remotely. Please let me know if you are amenable to that.

Notably, in this correspondence, Washburn's counsel did not indicate that Washburn would not be in Iowa on the date of her deposition. Rather, the correspondence merely expressed a preference for Washburn to be deposed virtually, out of convenience for Washburn and her California "project." *Id.* Roughly two days remained before Washburn's scheduled deposition, giving Washburn ample time to arrange for travel to Council Bluffs, Iowa, for her deposition. *See* Haas Dec., Ex. E.

Odum's counsel responded seven minutes later, advising that Odum was not amenable to a remote deposition, observing that the deposition had been "noticed [] with the intention that [Washburn] appear in person." *Id.* ¶ 27, Ex. E. Counsel for Washburn did not reply to Odum's counsel. *See* Haas Dec. ¶ 28.

The following morning, on October 28, 2026, at approximately 8:00 a.m., the court reporter that Odum's counsel had engaged to report on Washburn's deposition emailed Odum's counsel to confirm that Washburn's deposition would proceed as noticed the following day. *See* Haas Dec. ¶¶ 29-30, Ex. F. The reporting firm's policy provides that a minimum fee may apply to assignments cancelled after 3:00 p.m. CST the day before the scheduled date, and an additional fee applies to cancellations on the day of the assignment. *See id.* Odum's counsel's paralegal advised that the deposition was still expected to go forward. *Id.* ¶ 31, Ex. F. As of this date and time, Washburn

had not indicated that she would refuse to appear at all for her own deposition; she had only asked whether Odum would be “amenable” to a virtual deposition.

Also on October 28, 2026, Washburn’s counsel took the deposition of co-Defendant Joseph Lavigne. Partway through Lavigne’s deposition, an off-the-record discussion was held, in which Washburn’s counsel stated, for the first time, that Washburn would not appear at all for her deposition the following day. *See* Haas Dec. ¶¶ 32-33, Ex. G. The parties went back on the record and the following colloquy occurred:

> MS. CUTLER: We just had a brief pause in an off-record conversation where Mr. Arends informed us that his client will not be at a deposition tomorrow, which has been noticed over a month ago for in-person. . . .
>
> Mr. Arends, I don’t know what else to say other than if your client’s not there, we’ll move for sanctions.
>
> . . .
>
> MS. CUTLER: Joel, your client will not be there tomorrow? I just want to make sure we’re all crystal clear on the problem.
>
> MR. ARENDS: Ms. Washburn will not be there. I’m – what I have authority to speak to is that she cannot afford to travel from California back to Iowa for the deposition.
>
> MS. CUTLER: And that was raised for the first time right now, not any bit earlier.
>
> MR. ARENDS: No, it was in the email you were copied on yesterday. The – if – if you mean the part about her not being able to afford it, that’s being raised now. But yesterday it is in – via email is when you and Ms. Haas and all other counsel were advised that she’s not going to be able to make it, but she would be willing to appear remotely.
>
> . . .
>
> MS. CUTLER: Okay, and so the first time that you are telling us that your client will not be here for her in-person deposition was last night?
>
> MR. ARENDS: Yes.
>
> MS. CUTLER: Correct? And the first time you’re giving us a reason is right now; correct?

> MR. ARENDS: Correct.
>
> MS. CUTLER: All right. If she's not there tomorrow, I don't think we'll have any other choice but to move for sanctions. The rules require you to be in person for your deposition. She's a plaintiff. She filed it here. That's her claim.

*See id.* ¶ 34, Ex. G [Lavigne Dep. 65:5-68:24].

Ms. Haas, also counsel for Odum, was currently en route to Council Bluffs in preparation of taking Washburn's deposition the following day. Haas Dec. ¶¶ 36-39. Upon hearing that Washburn was not planning to appear for her deposition as noticed, Ms. Haas turned around to appear at the Lavigne deposition and make a record. *Id.* That record is reproduced below:

> MS. HAAS: This is Frances Haas. I am counsel for Marvin Odum. And prior to the record reopening just now, there was a discussion off the record with counsel based on a development that I learned about in the last hour or so. As I was traveling to Council Bluffs for Ms. Washburn's deposition, I learned that Ms. Washburn is not planning to attend tomorrow's deposition. And so I turned around to a point, came to the Des Moines office, and then joined this deposition.
>
> My understanding from other counsel, perhaps Mr. Arends excluded, is that if Ms. Washburn is not going to be present tomorrow, there's no reason to proceed tomorrow. And so I'm planning to notify the court reporter that their day is free. And Mr. Odum will be moving for sanctions with respect to the failure to appear for the deposition.

*See* Haas Dec., Ex. G [Lavigne Dep. 99:8-24]. Odum's counsel duly cancelled the court reporter for the following day, incurring an additional cancellation fee. *See* Haas Dec., Ex. C.

### E. Discovery Closes Without Plaintiff's Deposition

The following Monday, November 2, 2026, discovery closed. *See* April 30, 2026 Order (docket no. 233). Washburn had previously given notice by email that she intended to depose Defendant Timothy Dore on October 29, Defendant Marvin Brand on October 30, and Defendant Marvin Odum. *See* Haas Dec. ¶¶ 20-23, Ex. D.

Because the remaining period of discovery was consumed by the depositions that Washburn intended to take, Odum was foreclosed from rescheduling Washburn's deposition prior to discovery closing on November 2, 2026.

As of the filing of the instant motion, discovery has now closed, and Washburn's failure to appear for her October 29, 2026 deposition has robbed Odum of his ability to depose Washburn within the extended discovery deadline, which has now passed.

## III. Argument.

Although discovery generally is governed by Federal Rule of Civil Procedure 26, sanctions for a party's failure to attend her own deposition are governed by Rule 37(d). Pursuant to Rule 37, the Court "may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Such a failure to appear "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." *Id.* at 37(d)(2).

Available sanctions "may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)," which include "dismissing the action or proceeding in whole or in part." *Id.* at 37(b)(2)(A)(v). The Court is also empowered to "direct[] that . . . designated facts be taken as established for purposes of the action" and "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." *Id.* at 37(b)(2)(A)(i)-(ii).

In addition, "[i]nstead of or in addition to these sanctions, the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* at 37(d)(3) (emphasis added). Unlike other Rule 37 sanctions motions, a motion under Rule 37(d)(1)(A)(i) does not contemplate a prior order

compelling attendance or compliance; the failure to appear itself triggers the Rule. *See id.* at 37(d)(1)(A)(i); *see also Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) ("[N]o motion to compel is required before dismissal under Rule 37(d)."). And, unlike sanctions motions for a failure to answer interrogatories or submit to an inspection, the Rules do not contemplate that a Rule 37(d)(a)(A)(i) sanctions motion include a certification that the movant has met and conferred in an effort to obtain responses without resorting to Court intervention. *See id.* at 37(d)(1)(B). Nevertheless, counsel for Odum *did* attempt to secure voluntary compliance with Washburn's Notice of Deposition, as she informed counsel for Washburn, in no uncertain terms, that she expected Washburn to appear in person for her deposition promptly after Washburn's counsel asked if Odum would be "amenable" to Washburn appearing virtually.

### A. Washburn's failure to appear for her properly-noticed deposition should be subject to sanctions.

Every element of Rule 37(d)(1)(A)(i) is satisfied. Washburn is a party. She was "served with proper notice." Fed. R. Civ. P. 37(d)(1)(A)(i). Odum served a written notice on all counsel of record on September 21, 2026, stating the time and place of the deposition and the method of recording, as Rule 30(b)(1) and (3) require, and giving thirty-eight days' notice—far more than the "reasonable written notice" the Rule demands. *See* Exhibit B. It is beyond dispute that she failed to appear for that properly-noticed deposition.

Washburn may attempt to argue that sanctions are inappropriate by pointing to her eleventh-hour request to be deposed remotely. Such an argument must fail. Pursuant to Rule 30(b)(4), a remote deposition may be taken only "[i]f the parties . . . stipulate—or the court on motion orders" it. Fed. R. Civ. P. 30(b)(4). Odum did not stipulate to a remote deposition—quite the opposite—and Washburn never moved for an order permitting the deposition to be taken remotely. Presumably, Washburn would have been aware well in advance of the date of her

deposition if, as she apparently informed her attorney, she could not return to Iowa to sit for it. Yet, her request to appear remotely came roughly forty hours before her deposition was set to begin. In Washburn's counsel's October 27, 2026 email, Washburn's counsel did not indicate that Washburn would refuse to appear at all if her last-minute, unsupported request for a virtual deposition were denied—he merely inquired if Odom would be "amenable" to a virtual deposition.

Nor did Plaintiff move for a protective order under Rule 26(c)—the only mechanism that could have excused her non-appearance. Fed. R. Civ. P. 37(d)(2). The rules do not permit a party to make a unilateral decision to simply not attend their properly noticed deposition. Moreover, a plaintiff who chooses the forum is ordinarily required to make herself available for deposition in that forum. *See, e.g.*, *Chambers v. N. Am. Co. for Life and Health Ins.*, Case No. 4:11-cv-00579-JAJ-CFB, 2013 WL 11826552, at *1 (S.D. Iowa 2013) (recognizing the general rule that a plaintiff who selects a form submits himself to that forum but making an exception for a class action); *Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 585 (N.D. Fla. 2019) ("Indigence, however, normally will not relieve a plaintiff of the duty to submit to a deposition in the forum district."). Here, Washburn not only chose the forum; she chose the date and, for *her own convenience of appearing in person*, the city where the deposition was to be taken. *See* Exhibit A.

Washburn's non-appearance was a deliberate choice, not an involuntary failure. She knew of the date for six weeks because she chose it. She was in contact with her counsel—who relayed her request to proceed remotely—and, when that request was declined, she simply decided not to appear. This type of intentional failure to appear, wholly, is sanctionable. *See Burgett v. Gen. Store No. Two, Inc.*, 727 F. App'x 898, 900-01 (8th Cir. 2018) (affirming dismissal as a Rule 37 sanction); *Moment v. Murray*, No. C21-1016-LTS-MAR, 2025 WL 1672384, at *2 (N.D. Iowa June 13, 2025) (ordering dismissal as a Rule 37 sanction for repeated failures to appear at a

deposition); *Holmes v. Hawthorne*, No. 22-2192, 2023 WL 2733488, at *1 (8th Cir. Mar. 31, 2023) (unreported) (affirming dismissal as a sanction for failure to appear for depositions and failure to update defendants and court of updated address to receive reset deposition notice and court orders); *Harris v. Unknown Mack*, No. 99–2831, 2000 WL 1010579, at *1 (8th Cir. July 24, 2000) (per curiam) (unjustified failure for failing to appear for deposition warranted dismissal where counsel for offending party received notices of deposition and appeared for the same, but offending party did not); *see also Hindmon v. Nat'l-Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 621 (7th Cir. 1982) (affirming default judgment as a sanction where, *inter alia*, a party unjustifiably refused to sit for their own deposition); *Henry v. Gill Indus. Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (holding that dismissal as a sanction was appropriate where deponent twice advised, on the eve of his deposition, that he would not attend, causing their cancellation).

Washburn's choice cannot be viewed in isolation: it follows a pattern of disregard for the Court's deadlines, including allowing her expert deadline to pass without disclosure or request for extension and then seeking to revive expired deadlines without "any reason." July 10, 2026 Order at 1-2; *see also Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020-21 (8th Cir. 1999) (considering the parties' entire history of discovery conduct in determining the egregiousness of the conduct at issue and the appropriateness of the court's response).

**B. Odum has been prejudiced by Washburn's failure to appear for her deposition.**

The prejudice to Odum is concrete and irremediable. Washburn knew counsel objected to her appearing virtually. She did not arrange for transportation from California to Iowa in the intervening day. Her counsel did not advise on his client's unwillingness to attend until he was asked by defense counsel during a break for the deposition of Lavigne. Her counsel also did not offer any alternative solutions for an in-person deposition before the close of discovery.

Due to Washburn's intentional failure to appear for her deposition, he is no longer permitted to depose her due to the close of discovery that followed three business days after plaintiff's failure to appear. The deposition of a plaintiff is the most basic discovery a defendant can take: it is the defendant's only opportunity to examine under oath the person who has brought claims against him, to identify the factual basis for those claims, and to prepare for dispositive motions, and trial. Notably, the only remaining business days after Washburn's own deposition was scheduled—October 30, 2026 and November 2, 2026 —were conflicted out because Washburn herself had noticed Odum's deposition for that date, and notified the parties of her intention to depose Defendants Tim Dore and Howard Brand. Plaintiff's counsel, despite reserving these dates and notifying Odum, did not proceed with any of the depositions that he had noticed. Haas Dec. at ¶ 23.

As a result, Odum will be forced to proceed to dispositive motions, without ever having examined the party bringing claims against him. Prejudice exists where a party's discovery failure impairs the opposing party's ability to prepare its defense. *Cf. Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000) (noting that the court had "no difficulty finding prejudice" where the plaintiff's failure to produce documents denied the defendant "the means to effectively counter" the plaintiff's evidence). In addition, Odum incurred the expense of preparing for the deposition, arranging travel, and retaining a court reporter, all of which were wasted. There is no doubt that Odum has been prejudiced by Washburn's failure to appear.

Washburn will undoubtedly propose that the cure is to reopen discovery. But that "cure" would itself prejudice Odum by prolonging a case in which Washburn has already obtained substantial extensions, would reward Washburn for her non-compliance, and would render meaningless the Court's July 10, 2026 Order rejecting Washburn's attempt to push the discovery

and trial-ready deadlines into 2027. *See* July 10, 2026 Order. As the Court has already explained, deadlines are not reset "simply because" Washburn would prefer more time. *Id.* at 2. Washburn plainly failed to appear for her properly-noticed deposition. She has not, and has never, sought relief from the Court from appearing, or a protective order that would excuse her attendance. The prejudice that this has visited on Odum is apparent. Sanctions must issue.

**C. Dismissal of Washburn's claims against Odum is appropriate as a sanction.**

The Court has wide discretion to impose sanctions under Rule 37. *See Aziz*, 34 F.3d at 589. In the Eighth Circuit, under general circumstances, dismissal as a discovery sanction requires: "(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." *Keefer*, 238 F.3d at 940. Where the sanction is imposed under Rule 37(d) for failure to attend a properly noticed deposition, a properly served notice of deposition stands in the place of a court order, because Rule 37(d) expressly authorizes sanctions without a prior motion to compel. *See Aziz*, 34 F.3d at 589 ("[N]o motion to compel is required before dismissal under Rule 37(d)"); *see also Burgett*, 727 F. A'ppx at 900-01 (8th Cir. 2018) (treating oral directive from district court to "get together like a discovery dispute" to set a deposition as sufficient under Rule 37 to justify sanctions). In order to justify the most serious sanction of dismissal, a party must demonstrate that the sanctionable conduct was willful, a result of bad faith, or a fault of the plaintiff resulting in prejudice to a defendant. *See Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (citation omitted). The Court must, out of fairness, also consider whether a lesser sanction is adequate, but "the district court need not impose the least onerous sanction available, but the most appropriate under the circumstances." *Keefer*, 238 F.3d at 941. Indeed, where a litigant manifestly "abuses the judicial process," the Court may order dismissal under its inherent powers. *See id.*

Here, the serious sanction of dismissal of Washburn's claims against Odum is mandated. Monetary sanctions alone would not remedy the core harm—the loss of Washburn's deposition before the close of discovery—and would not deter a litigant who has shown repeated indifference to the deadlines imposed by the Court. An order compelling a deposition after the close of discovery would require modifying the scheduling order to benefit the non-compliant party, the very result the Court rejected in July. And, an order merely precluding Washburn from testifying would, as a practical matter, be functionally equivalent to dismissal, because Plaintiff cannot prove her claims without her own testimony. Dismissal of Washburn's claims against Odum is therefore the appropriate sanction. *See Aziz*, 34 F.3d at 589; *Schoffstall v. Henderson*, 223 F.3d 818, 823–24 (8th Cir. 2000) (affirming dismissal for discovery abuses after willful violation of a discovery order).

Courts regularly dismiss the claims of plaintiffs who fail to appear for properly noticed depositions, particularly where, as here, the failure occurs at the end of discovery or follows a history of delay. *See Ludovissy v. Deere & Co.*, No. C09-1023, 2010 WL 649462, at *3 (N.D. Iowa Feb. 23, 2010) (dismissing a claim where, *inter alia*, a plaintiff failed to appear for her deposition without notice to defendant); *Aviva Life & Annuity Co. v. Espey*, No. 4:11–cv–00305–REL–RAW, 2013 WL 12253103, at *2 (S.D. Iowa July 25, 2013) ("The pattern of delay evinced by the record has effectively stalled the case and denied plaintiff an opportunity to investigate and prosecute its claims and defend against [defendant's] counterclaims."); *Stevenson v. Bartlo*, 8 F. App'x 580, 581 (8th Cir. 2001) (affirming dismissal as a sanction where *pro se* plaintiff failed to appear for his deposition "despite being reminded three times of the date he had chosen" and a failure to comply with court order to sit for the deposition); *see also Vance v. U.S. Dep't of Veterans Affairs*, 289 F.R.D. 254 (S.D. Ohio 2013) (ordering dismissal as a sanction, in part, because the plaintiff's

unjustified failure to appear for his deposition was set for just eight days before the close of discovery); *Black v. Larimer County*, 722 F. App'x 763, 767-68 (10th Cir. 2018) (affirming dismissal of claims where a party failed to appear for her deposition citing, in part, the self-imposed cost of returning to the forum state after moving away). Odum was robbed of the ability to present Washburn's failure to appear to the Court, and has been hamstrung in his defense as a result. *See Criterion 508 Sols., Inc v. Lockheed Martin Servs., Inc.*, 255 F.R.D. 489, 494-95 (S.D. Iowa 2008) (denying a sanctions motion where the parties had ample time to present their discovery disputes to the court before seeking sanctions). In these circumstances, on the eve of the close of discovery, and an eleventh-hour indication that she was not going to appear, with no justifiable excuse, the serious sanction of dismissal is warranted. Odum asks only for dismissal of the claims against him—the party who noticed the deposition and whose ability to defend has been impaired.

If the Court declines to dismiss Washburn's claims against Odum, Odum requests, in the alternative, relief under Rule 37(d)(3) and 37(b)(2)(A) and the Court's inherent authority. Particularly, though as noted above it may have the same effect as a dismissal, Odum requests that the Court issue an order precluding Washburn from offering her own testimony, whether by declaration, affidavit, or oral testimony, in support of her claims against Odum in response to any dispositive motion Odum may file. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii). Otherwise, Odum requests that the Court issue an Order directing him to supply a list of facts relevant to his claim as being established for purposes of Washburn's claims against him, subject to the Court's approval. *Id.* at 37(b)(2)(A)(i). If the Court is inclined to permit Washburn to sit for a deposition despite her failure to do so once already, Odum requests that the Court issue an order, under threat of contempt of court, for Washburn to submit herself to an in-person deposition in Council Bluffs, Iowa on a date

of Odum's choosing, with Washburn to bear all the costs of the preparation for and travel to that deposition, by her own attorney and by Odum's counsel.

### D. Odum is entitled to payment of his reasonable expenses associated with Washburn's deposition and the preparation of this motion.

Independent of dismissal, Rule 37(d)(3) makes an award of expenses mandatory: the Court "*must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure," absent substantial justification or circumstances making an award unjust. Fed. R. Civ. P. 37(d)(3) (emphasis added). Neither exception applies. Odum requests that the Court issue, alongside its order dismissing Washburn's claims against him, an additional order granting Odum his reasonable fees and expenses incurred in preparation of Washburn's deposition, and directing Odum's counsel to submit a further affidavit detailing any attorneys' fees incurred in preparation for Washburn's deposition, fees and costs incurred for travel to the deposition (including hoteling, mileage, and attorney travel time), fees associated with organizing the court reporter and its cancellation at the last minute, and attorneys' fees incurred in the preparation of this motion and brief.

While it is true that generally attorney time and travel expenses incurred in preparation for a deposition that does not occur is not compensable, even if a party fails to appear, "because it would have been incurred whether or not the party appeared for the deposition," *Large v. Pierce*, No. C15-1025, 2016 WL 722153, at *2 (N.D. Iowa Feb. 19, 2016), Odum requests such fees in this extraordinary instance. For the reasons articulated above, Odum will never get the chance to depose Washburn—the scheduling of additional depositions so near the close of discovery made it impracticable, and he had only limited time after entry of the order on his motion to dismiss to conduct discovery, which he endeavored to complete. Discovery has now closed, and Washburn's failure to appear did indeed "cause" those costs. Had Odum known that Washburn would simply

refuse to present to her in-person deposition, it would never have been noticed, and would have incurred none of the fees and costs sought. *See also Merfeld v. Dometic Corp.*, 306 F. Supp. 3d 1070 (N.D. Iowa 2018) (in a spoilation case, noting that courts have the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process" (citation omitted)). Fees incurred in preparing this motion, however, are "caused by the failure" and are therefore recoverable. *See* Fed. R. Civ. P. 37(d)(3); *cf.* Fed. R. Civ. P. 37(a)(5)(A). Odum requests that the award be imposed jointly and severally against Plaintiff and her counsel, because counsel relayed and supported the request to proceed remotely and did not seek court relief before the deposition. Fed. R. Civ. P. 37(d)(3).

Washburn cannot escape the consequences of her actions by attempting to argue that her failure to appear was "substantially justified," because it was not. Washburn selected the location and the date, October 29, 2026, herself in September 2026. *See* Exhibit A. At some indeterminate time, she voluntarily traveled to California for a "project" and made no apparent plans to return. *See* Haas Dec., Ex. E. She gave no notice of any conflict until 4:57 p.m. two days before the deposition, offered no explanation of why the conflict could not have been avoided or disclosed earlier, failed to make arrangements to attend her in-person deposition, and did not propose any alternative in-person date. *Id.* A self-created scheduling conflict for personal or business reasons does not justify a party's refusal to appear at her own deposition. Odum remains entitled to his reasonable fees and expenses.

**IV. Conclusion.**

Washburn chose the date of her deposition, received ample notice, and then elected not to attend, leaving Odum without the most fundamental piece of discovery in the case after discovery has closed. Accordingly, Odum respectfully requests that the Court: (1) dismiss with prejudice

Washburn's claims against him; (2) order Washburn and/or her counsel to pay Odum's reasonable expenses, including attorney's fees for preparing for the deposition, travel expenses (hotel, mileage, and attorney time), the court reporter cancellation fee, and the fees incurred in bringing this Motion; and (3) grant such other relief as the Court deems just.


*<u>/s/ Frances M. Haas</u>*
Frances M. Haas, AT0009838
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa 50309
Telephone: (515) 283-3100
Facsimile: (515) 283-3108
Email: fmhaas@nyemaster.com

*<u>/s/ Alexandra M. Cutler</u>*
Alexandra M. Cutler, AT0014951
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa 50309
Telephone: (515) 283-3192
Facsimile: (515) 283-3108
Email: amcutler@nyemaster.com

**ATTORNEYS FOR DEFENDANT MARVIN ODUM**

## CERTIFICATE OF SERVICE

I certify that on November 6, 2026, the foregoing was electronically served via CM/ECF on all parties via their counsel of record as follows:

Joel A. Arends
Arends Law P.C.
6901 S. Lyncrest Pl., Ste. 102
Sioux Falls, SD 57108
joel@arendslaw.com
**ATTORNEY FOR PLAINTIFF**

Michael C. Kuehner
Michael Kuehner Law, PLC
P.O. Box 93081
Des Moines, Iowa 50939
michael@kuehnerlawfirm.com
**ATTORNEY FOR C6-ZERO, LLC, C6-ZERO IOWA, LLC, C6-ZERO HOLDINGS, LLC, BRAND TECHNOLOGIES CORPORATION, DORE LAW GROUP, LLC, BRANDLICH ASSETS, LLC, BRANDLICH CONSTRUCTION, LLC, BRANDLICH ENERGY SOLUTIONS, LLC, BRANDLICH ENERGY SOLUTIONS HOUSTON, LLC, BRANDLICH ENERGY SOLUTIONS SAN ANTONIO, LLC, BRANDLICH ENERGY SOLUTIONS CASPER, LLC, BRANDLICH ENERGY SOLUTIONS OREGON, LLC, BRANDLICH ENERGY SOLUTIONS SAN JOAQUIN, BRAND TECHNOLOGIES, LLC, HOWARD BRAND, AND TIM DORE**

*PRO HAC VICE ADMISSION*
Scott E. Gessler (28944)
Gessler Blue LLC
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
sgessler@gesslerblue.com

Alfredo Parrish, Esq.
Parrish Kruidenier, L.L.P.
2910 Grand Avenue
Des Moines, IA 50312
aparrish@parrishlaw.com
**ATTORNEYS FOR SHANE PULVER AND CHRISTOPHER KOEHN**

Paul L. Vorndran, Atty No. 22098
Ryan A. Searson (*Admitted Pro Hac Vice*)
Jones & Keller, P.C.
1675 Broadway, 26th Floor
Denver, CO 80202
pvorndran@joneskeller.com;
rsearson@joneskeller.com

John S. Cutler
Cutler Law Firm
1307 50th Street
West Des Moines, IA 50266-1782
jcutler@cutlerfirm.com

**ATTORNEYS FOR JOE LAVIGNE**

/s/ *Brooke Roberts*